

# THE ATTORNEY GENERAL
# OF TEXAS

ICE DANIEL
·RNEY GENERAL

AUSTIN, TEXAS

September 6, 1949

Hon. C. H. Cavness
State Auditor
State Capitol
Austin, Texas

Opinion No. V-896.

Re: Source of funds for admin-
istration of Judicial Retire-
ment System.

Dear Sir:

Your letter reads in part:

"It is not clear to us what funds may be available for expense necessary in the administration of the Judicial Retirement Act. We shall be grateful for your opinion as to whether the $75,000.00 provided in House Bill 320 (the Judiciary Appropriation Act) for the benefit of H.B. 33 can be so used. If not, from what source may such necessary expense money come?

"It appears that a part-time salary for one person is provided in the Appropriation Act. Certainly stationery, postage, office supplies, etc., will be necessary."

The people of Texas in 1948 adopted an amendment to their Constitution which reads:

"The Legislature shall provide for the retirement and compensation of Judges . . . on account of length of service, age, or disability, and for reassignment to active duty where and when needed." Article V, Section 1-a.

Pursuant to that constitutional mandate, the 51st Legislature (1949) enacted House Bill 33. That Act provides for such retirement. Among other things it provides that the Chief Justice shall administer the Act. Section 5 states in part:

Hon. C. H. Cavness, Page 2 (V-896)

> "The Legislature shall appropriate
> such sums of money as may be necessary to
> carry out this act."

Further recognizing that the system would require administration, which necessarily entailed reasonable expenditures, Section 8 provides:

> "The Chief Justice of the Supreme
> Court shall be in charge of administering this
> Act and shall promulgate such rules and pro-
> vide such forms as he may deem necessary
> in order to comply with the provisions of the
> Act. . . . In order to carry out the provisions
> of this Act, the Chief Justice is authorized to
> employ an assistant, whose salary will be set
> by the Legislature, and paid for from moneys
> appropriated for the Judiciary Department."

The Judicial Appropriation Bill (H.B. 320) was amended on the floor of the Senate by the addition of a new subdivision to be known as Judges Retirement:

> "1. Judges Retirement $75,000; $75,000.
>
> "2. Administrative, equipment, postage,
> telegraph, telephone, furniture, $30,000; unex-
> pended balance." Senate Journal of May 23,
> 1949, page 1187. (The items repeated of course
> mean $75,000 for each of the years of the bien-
> nium and $30,000 for the first year and the un-
> expended balance for the second year of the bi-
> ennium.)

The House and Senate did not agree on many items of the appropriation bill, including the above. The bill was therefore sent to a conference of House and Senate members. As it came out of the Conference Committee, and as it was enacted into law, it differed from the Senate's version above. Item 6 of the enacted appropriation to the Supreme Court reads:

> "Reporter and Assistant to the Chief
> Justice in Administering the Judicial Retire-
> ment Act of 1949 .. $4326.00 $4326.00"

Hon. C. H. Cavness, Page 3 (V-896)

Then in the "Judicial Section -- Comptroller's Department," Item 16 of the same Act reads:

"Apportionment to Judiciary Retirement System as per H.B. 33, Acts 51st Legislature R.S. 1949 .. $75,000.00    $75,000.00."

The only other specific reference to judicial retirement in the appropriation bill is a rider, Section 4. It reads:

"Out of the funds created by the contributions of the Judges as provided in Sec. 5 of H.B. 33 . . . there is hereby appropriated such sum or sums of money as may be necessary to pay the accumulated contributions as provided in Sec. 6 of said H.B. 33."

The underscored words of Section 4 above indicate that the money therein referred to should be used to pay retirement benefits. The inference is that it should not be otherwise used.

The matter therefore resolves itself to the interpretation of these provisions. The people in adopting Section 1-a of Article V of the Constitution commanded the Legislature to "provide for the retirement and compensation of Judges." House Bill 33 was thereafter enacted which said that "The Legislature shall appropriate such sums of money as may be necessary to carry out this Act." The appropriation bill then provides for an "apportionment to the Judicial Retirement System as per H.B. 33 . . . $75,000 . . ."

It must be presumed that the Legislature intended to do what the people in adopting the constitutional amendment voted should be done. And, on the contrary, it will not be presumed that the Legislature intended to create a judicial retirement system but leave it completely crippled for want of funds to administer the system. The Chief Justice would certainly not be expected personally to finance the organization of the system from his salary; nor could he divert appropriations of the Supreme Court to the administration of the retirement system.

Hon. C. H. Cavness, Page 4 (V-896)

Viewed in that light, it is our opinion that the appropriation which reads "Apportionment to Judicial Retirement System as per H.B. 33" was intended to be used for necessary administrative expenses as well as to supplement the 5% contributions of the judges in making retirement benefit payments.

It will be noted that the Senate version of the bill divided the appropriation into two items, the wording of which is significant. The items were "Judges Retirement" and "Administrative." (S.J. of May 23, 1949, p. 1187). Apparently in a spirit of economy at the close of the session, the two items were combined in the enacted bill, it undoubtedly being considered that the annual appropriation of $75,000.00 was sufficient for both purposes. The appropriation as passed was not simply to "Judges Retirement" but was "to the Judiciary Retirement System as per S.B. 33." The appropriation to "the system" is broad in scope. We interpret the appropriation as having been made to carry out the provisions of the Constitution and that portion of H.B. 33 which authorizes an appropriation "to carry out this act." As stated in your letter, "certainly stationery, postage, office supplies, etc., will be necessary."

We therefore hold, and you are advised, that the above Item 16 of the Judiciary Appropriation Act (H.B. 320) which reads in part "apportionment to Judicial Retirement System," may be used for the purpose of paying the necessary expenses of the Judicial Retirement System. It being a lump sum appropriation, the necessary expenditures therefrom are left within the sound discretion of the Chief Justice of the Supreme Court upon whom the Legislature placed the responsibility of administering the act.

SUMMARY

The necessary expenses of Chief Justice of the Supreme Court in initiating and administering the Judicial Retirement System are to be paid from Item 16 of the Judiciary Section, Comptrollers Department (H.B. 320) which reads,

"Apportionment to Judiciary Retirement System as per H.B. 33. . . ."

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By

Joe R. Greenhill
First Assistant

JRG:b:db:erc

APPROVED:

ATTORNEY GENERAL